[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on October 17, 1992. Both have resided continuously in this state since that time. There is one minor child issue of the marriage: Mariah Lee Papcin, born December 15, 1993. CT Page 7562
The evidence presented at trial has clearly established allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth §§46b-81, 46b-82, 46b-62 and 46b-56 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties were married in October 1992 and separate March 1997. The wife left the marital home after she found her husband was having an adulterous affair with her best friend. The wife claimed the husband had a violent temper. She has associate's degree in mental health and has a certificate manicurist. Although she has worked during the course of the marriage, she is presently unemployed.
The husband is presently receiving Workmen's Compensation a result of injuries sustained in his employment as a correction officer. In 1995 he earned approximately $35,000. The husband has a pending personal injury case. He previously settled a personal injury case for approximately $11,400 net to the husband. He has already used approximately $4,900 of this settlement, including $2,500 which this court released to the defendant to assist him in obtaining an attorney. The remaining sum of approximately $6,500 is presently held in the Webster Bank.
The defendant husband represented himself in this trial. He admitted the adulterous relationship. He admitted it was a bad marriage and that the plaintiff left him several times. The husband feels the wife is lazy and should be working. The defendant admitted a gambling problem and that he destroyed personal property of his wife. The defendant is undergoing counseling and takes medication. The defendant claimed the dog ate his check register and he had no receipts or checks to verify some of the figures on his financial affidavit (which was prepared by his live-in girlfriend).
Unfortunately, the parties were unable to resolve their marital difficulties. To their credit, the parties have been able to resolve the issue of child custody, support and visitation.
It would appear that the major cause of the breakdown of the marriage is attributable to the defendant. CT Page 7563
The following orders shall enter.
CUSTODY AND VISITATION
The parties agreed on joint legal custody with physical custody to the plaintiff wife, subject to the defendant husband's right to reasonable, flexible and liberal visitation with the minor child, and it is so ordered. The minor child shall returned from visitation in accordance with the agreement of the parties.
CHILD SUPPORT
1. The defendant shall pay to the plaintiff as child support the sum of $151 per week in accordance with the child support guidelines. This order is based on the defendant's current award of Workmen's Compensation benefits.
2. The defendant is ordered to report to Family Relations 30 days after he returns to work to readjust the child support obligation.
ALIMONY
The defendant shall pay to the plaintiff as periodic alimony the sum of $50 per week for a period of two years from date. Said term shall be non-modifiable. Said alimony shall sooner terminate on the death of the plaintiff, the death of the defendant or the plaintiff's remarriage.
PERSONAL PROPERTY A. The plaintiff shall be entitled to the following of personal property:
 1. The 1987 Chevrolet Monte Carlo motor vehicle awarded to the plaintiff wife;
2. All of her personal clothing;
 3. One-half of the sheets, towels, linens and pots and pans, et cetera;
4. The bedroom dressers and head board set;
 5. One working air conditioning unit, the Hudson CT Page 7564 brand;
6. The Serentifer Atlanta converter box;
 7. Her challis and wine glasses (unbroken) and tea set;
 8. One 19 inch Zenith television set in working condition;
 9. The defendent shall attempt to locate the plaintiff's diamond engagement ring and a camcorder and shall turn over both items to the plaintiff if found;
 10. The child's clothing and personal possessions toys and furniture;
11. Nail painting items and table;
12. Whatever other items the parties shall agree
B. The defendant shall be entitled to the following items of personal property:
1. The gas grill;
2. Mattress and box spring;
3. Sharing of videotapes with the plaintiff;
4. Whatever other items the parties shall agree upon.
OTHER PROPERTY
1. The defendant shall be entitled to his State of Connecticut pension.
 2. The defendant shall retain the entirety of his Workman's Compensation claim.
WAGE WITHHOLDING
An immediate wage garnishment shall issue for the payment child support and alimony.
MEDICAL COVERAGE
CT Page 7565
1. The defendant shall maintain medical coverage as is available through his employment for the benefit of the minor child.
2. Any unreimbursed medical and dental expenses incurred for the benefit of the minor child shall be equally divided between the parties 50/50.
3. The plaintiff shall have the benefit of § 46b-84d with respect to any insurance claims which need to be submitted to the carrier on behalf of the minor child.
LIFE INSURANCE
The defendant shall maintain the life insurance as is available through his employment for the benefit of the minor child for so long as the defendant has an obligation for support. Said child shall be named as irrevocable beneficiary on said policy and the plaintiff shall be named as the trustee for said child. This provision shall be modifiable.
OTHER PROPERTY/LAWSUITS
1. The defendant presently has $6,500 of proceeds from first personal injury suit. The plaintiff shall be entitled to the following sums from said $6,500:
 $500 representing the savings from the deposit to purchase fund
 $680 representing eight months at $85 per month which the defendant was ordered to pay toward the card debt.
 $450 representing the loss of "Precious Moments" collection.
$1,500 counsel fees awarded to the plaintiff.
Total $3,130
 $1,150 the balance of $3,370 ($6,500 minus $3,130) be divided as follows: to the plaintiff $1,150, and the balance to the defendant. CT Page 7566
Total $4,283 Total to the plaintiff.
2. The defendant has a second law suit pending in this court which cause of action occurred during the course of the marriage. The plaintiff shall be entitled to 15% of the adjusted gross proceeds after the deduction of attorney's fees, medical expenses and out of pocket costs.
DEBTS
1. The defendant shall be solely responsible for the first $4,000 of debt plus other accrued interest owed on the Citibank Preferred Visa account, and he shall hold the plaintiff harmless and indemnify her from any liability therefrom. The defendant shall make reasonable efforts to pay this amount off in full through the use of his own credit cards or transfer said amount to his own credit card.
2. The plaintiff shall be responsible for the remainder the balance on the Citibank Preferred Visa account and the entire Choice Visa account and shall hold the defendant harmless therefrom.
MISCELLANEOUS
1. Neither party shall harass or threaten the other by telephone or otherwise at their respective home or place of employment. presence of the minor child nor discuss adult matters regarding
2. The defendant shall not demean the plaintiff in the presence of the minor child nor discuss adult matters regarding the plaintiff in the presence of the minor child.
INCOME TAX DEDUCTION
The parties shall alternate claiming the minor child a dependent for income tax purposes. The defendant shall claim the minor child as a dependent in even numbered years commencing 1998 provided he is current with his child support payments as of December 31.
Coppeto, J. CT Page 7567